IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL JAMES MILLER, #73738                             PETITIONER

VERSUS                                    CIVIL ACTION NO. 4:12-cv-198-CWR-FKB

WARDEN FRANK SHAW, et al.                              RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER</u>

       This cause comes before this Court, *sua sponte*. Petitioner filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 17, 2012. The Court entered an Order [2] on December 18, 2012, directing Petitioner to file a completed *in forma pauperis* application or pay the required $5.00 filing fee on or before January 8, 2013. Petitioner was warned in the Order [2] that failure to timely comply with any Order of the Court may lead to the dismissal of his Petition. Petitioner did not comply with this Order.

       On January 23, 2013, the Court entered an Order [3] directing Petitioner to show cause, on or before February 15, 2013, why this case should not be dismissed for his failure to comply with the Court's Order [2] of December 18, 2012. Petitioner was warned in the Show Cause Order [3] that failure to timely comply with the Order could result in the dismissal of his Petition without further notice.

       Since Petitioner is proceeding *pro se*, he was provided with one final opportunity to comply with the Court's Orders. On March 4, 2013, a Final Order to Show Cause [4] was entered directing Petitioner to show cause why this case should not be dismissed for his failure to comply with the Court's Orders [2, 3] of December 18, 2012 and January 23, 2013, and further directing Petitioner to comply with these Orders. The Final Order to Show Cause [4] also warned Petitioner that failure to timely comply with the requirements of the Order would result in the dismissal of his Petition,

without further notice. Petitioner failed to comply with the Final Order to Show Cause.

Petitioner has failed to comply with three Court Orders, and he has not contacted the Court since December 17, 2012. This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions filed pursuant to 28 U.S.C. § 2254. *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997)(affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[1] As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action, for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure, is proper. *See Martinez,* 104 F.3d at 773; *Davis v. Gordon*, No. 02-61123, 2003 WL 22120979, at *1 (5th Cir. Sept. 12, 2003)(affirming dismissal based on habeas petitioner's failure to pay the filing fee); *see also Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal for inmate's failure to comply with a court order). Since the Respondents

---

[1] *See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

have not been called upon to respond to the Petition, and have not appeared in this action, and since the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 15th day of April, 2013.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
